J-S16011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARQUISE DOGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS BEASLEY | : | No. 113 MDA 2022 |

Appeal from the Order Entered December 14, 2021
In the Court of Common Pleas of Berks County
Civil Division at No(s):  21-696

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 06, 2022**

Marquise Dogan ("Father") and Alexis Beasley ("Mother") have one child together ("Child"). The Berks County Court of Common Pleas entered an order awarding Mother and Father shared legal custody of Child, and primary physical custody to Mother. Father appeals from that order. After review, we conclude Father has not shown any abuse of discretion on the part of the trial court, and we therefore affirm the custody order.

Most of the factual and procedural background of this case is undisputed. Mother and Father were never married, and "did not know each other well when Mother became pregnant" with Child. Trial Court Decision and Order, 1/24/22, at 7. They ended their relationship before Mother gave birth

---

[*] Retired Senior Judge assigned to the Superior Court.

to Child in September 2020. Mother lives in Berks County with Mother's parents. Father, meanwhile, lives in Philadelphia with his mother and grandmother. Their residences are approximately 50 miles apart. Both Mother and Father work full-time, with Mother planning to start a master's program in the fall of 2022.

Child has lived primarily with Mother and Mother's parents since birth. Father would visit Child at Mother's home for the first several months of Child's life. In January 2021, Father filed a complaint seeking shared legal and physical custody of Child. He followed that with an emergency petition for special relief and, after a hearing, the court entered a temporary custody order on March 30, 2021. The temporary order granted Mother and Father shared legal custody and awarded primary physical custody to Mother. Father was given partial physical custody every Tuesday and Thursday for 24 hours and every Saturday for two hours.

The court held a custody hearing on December 8, 2021. Father, Father's mother, Mother, and Mother's father all testified at the hearing. Following the hearing, the parties asked the court to issue its order before filing its findings of fact and conclusions of law. The court did so, entering an order on December 14, 2021. The order gave shared legal custody to Mother and Father. It also granted primary physical custody to Mother and partial physical custody to Father. Pursuant to the terms of the order, Father would have custody of Child every other weekend from Friday at 7:00 p.m. until Monday

at 7:00 p.m., with Mother and Father to exchange Child in King of Prussia. The order also granted Father custody for two hours every Wednesday, with the Wednesday visit to take place in Berks County and Father to provide transportation for that visit. The trial court subsequently issued its decision containing its findings of fact and conclusions of law on January 24, 2022.

Father filed a notice of appeal, and a corresponding Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion, which stated that its findings of fact and conclusions of law thoroughly explained its reasons for granting Mother primary physical custody and attached that decision as support for the custody order. In his appellate brief, Father raises five issues challenging that custody order:

    I.    Whether it was an error of fact and an error of law to enter an order granting [Mother] primary physical custody of the Child: physical custody should be shared.

    II.    Whether it was an error of fact and an error of law to reduce [Father's] custodial time with the Child.

    III.    Whether it was an error of fact and an error of law to require that Wednesday custodial periods take place in Berks County.

    IV.    Whether it was an error of fact and an error of law to award Mother custody on Mother's Day weekend (rather than on Mother's Day), as this has the potential of preventing Father from having custody of the Child for four (4) consecutive weeks.

    V.    Whether it was an error of fact and an error of law to require that Father be solely responsible for transportation on the Wednesday custodial periods.

Appellant's Brief at 7 (suggested answers and bold font omitted).[1]

"Our standard of review over a custody order is for a gross abuse of discretion." ***Yates v. Yates***, 963 A.2d 535, 538 (Pa. Super. 2008) (citation omitted). Such an abuse of discretion will only be found if the "trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record." ***Id***.

Further, in reviewing a custody order:

We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***Klos v. Klos***, 934 A.2d 724, 728 (Pa. Super. 2007) (citation omitted). As with any custody matter, the paramount concern is the best interests of the child involved. **See id**.

---

[1] Father acknowledges that in his Rule 1925(b) statement he raised an issue regarding the delay in the trial court's issuance of its decision containing its findings of fact and conclusions of law until after the deadline for filing an appeal. The trial court found this challenge to be "confounding," given that Father had requested that the order be issued before the court's findings of fact and conclusions of law. Father has withdrawn the claim on appeal. **See** Appellant's Brief at 7, n.1.

When ascertaining the best interests of a child in a custody matter, the court must conduct a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral, and spiritual well-being of that child. **Klos**, 934 A.2d at 728. To that end, Section 5328(a) of the Pennsylvania Child Custody Act lists 16 factors a court must consider when determining the best interests of the child. **See** 23 Pa.C.S.A. § 5328(a).

Here, the trial court addressed each one of these 16 factors in its custody decision and order, just as Section 5328(a) requires it to do. **See** Trial Court Decision and Order, 1/24/22, at 4-7. In discussing each factor, the trial court made a determination as to whether that factor weighed in favor of either party and explained its reasoning for reaching its conclusion. **See id**. The court found that three of the factors favored Mother, and that the remainder of the factors did not favor either parent.

Father first takes issue with the court's conclusion that the following three Section 5328(a) factors favored Mother:

> **1. Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.**
>
> This factor favors Mother. Mother has offered Father additional time and has tried to be flexible with Father. This court believes that Father has been very rigid and inflexible at times when it comes to the custody schedule, as demonstrated by the time he forced Mother to drive to King of Prussia unnecessarily following [Child's] medical appointment because it was still technically Father's time. This behavior does not exhibit Father's ability to place [Child's] needs before his own and his conflicts with Mother.

***

- 5 -

**3. The parental duties performed by each party on behalf of the child.**

This factor favors Mother. For the first several months of [Child's] life, Mother was the sole custodial parent and Father would visit [Child] at Mother's home. Mother has performed most of the parental duties since [Child's] birth. Father would suggest that he was at times obstructed from having contact at least for a year of time but also testified that he saw [Child] three to four times per week.

**4. The need for stability and continuity in the child's education, family life, and community life.**

This factor favors Mother. [Child] has primarily resided with Mother since birth, and Mother has provided a stable home for [Child].

*Id.* at 4-5.

Father complains that these conclusions are not supported by the evidence. According to Father, the record establishes that Mother did not offer Father additional time but rather, prevented him from seeing Child at certain times. As such, Father argues that Mother merely had more time than Father in which to perform parental duties and to provide a stable home for Child.

Essentially, Father takes issue with the trial court's credibility determinations and weighing of the facts. Of course, issues of credibility and weight of the evidence are exclusively for the trial court as the fact-finder in custody matters. ***See A.L.B. v. M.D.L.***, 239 A.3d 142, 149 (Pa. Super. 2020). Here, when evaluating the Section 5328(a) factors, the court specifically refuted Father's claim that Mother obstructed him from seeing Child. While Father clearly disagrees with the court's determination on this issue, he has

failed to show that the court's conclusions are unreasonable in light of the record or that the court abused its discretion in any way by ordering that primary physical custody be awarded to Mother.

Father also argues the trial court erred by: 1) reducing his custody time from that given by the temporary custody order; 2) giving Mother custody over the entire Mother's Day weekend instead of just for the day; and 3) directing that the Wednesday visits be in Berks County with Father being solely responsible for transportation for the Wednesday visits. Mother responds to Father's arguments by pointing out that: 1) Father's job at the time of the final order had less flexible hours than his job at the time the temporary custody order was entered; 2) Father was granted custody over the entire Father's Day weekend; and 3) it would not be sensible to require Child to be in a car for a large portion of the two-hour Wednesday visit with Father.

Father is the one challenging the terms of the custody order, and it is therefore his burden to establish that the challenged terms represent an abuse of discretion on the part of the trial court. Again, he has simply failed to do so. We do not see, nor has Father shown, how the court abused its discretion by granting Father physical custody for the time that it did, by allowing Mother and Father to have custody for the weekend encompassing their respective parent's day, or by requiring Father to provide transportation and be the one to travel to Berks County for his two-hour Wednesday visit with Child. While Father would clearly prefer different terms, he has not met his burden of

establishing that the court abused its discretion in implementing the terms in the custody order.

We note that it is clear Father is unhappy with the custody order. It is also clear, even just from the record, that Father wishes to parent Child and is bonded to Child. The trial court specifically acknowledged as much: "Father clearly loves [Child] and has taken steps to improve his parenting skills as a new father with several different classes." Trial Court Decision and Order, 1/24/22, at 6. As such, Father's arguments highlighting his efforts to care for Child and be involved in Child's life are not in conflict with the trial court's order.

In any event, it is undisputed that Mother has exercised primary custody since Child was born. As such, the court had evidence of a history, admittedly not without conflict, of the parties operating pursuant to conditions very similar to those imposed in the order Father now appeals. Therefore, even in light of Father's efforts, and taking all of the evidence and all of the Section 5328(a) factors into consideration, the trial court crafted a custody order that it determined to be in the best interests of Child. Father has not shown that the trial court abused its discretion in issuing this order and we therefore must, pursuant to our standard of review, affirm that order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/06/022</u>